# United States District Court
# Southern District of New York

TRADECOMET.COM LLC,  )
       Plaintiff,  ) Docket No.: 09-CV-1400 (SHS)
    v.  )
GOOGLE INC.,  )
       Defendant.  )

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT GOOGLE'S MOTION TO DISMISS BASED ON
LACK OF SUBJECT MATTER JURISDICTION AND IMPROPER VENUE**

WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION

Jonathan M. Jacobson
Susan A. Creighton
Chul Pak
Sara Ciarelli Walsh
1301 Avenue of the Americas
40th Floor
New York, New York 10019
(212) 999-5800 (Telephone)
(212) 999-5899 (Telecopier)

*Attorneys for Defendant, Google Inc.*

April 22, 2009

Dockets.Justia.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

ABBREVIATIONS ................................................................................................................... iv

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .............................................................................................................................. 2

    I.      This Forum is Improper Under Both the Current
           and Prior Terms and Conditions ............................................................................ 2

    II.     The Current Agreement is the Operative Agreement ............................................ 4

    III.    Google's Forum Selection Clause is Not Unconscionable .................................... 9

    IV.    Dismissal is Procedurally Proper ........................................................................... 9

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Allez Med. Applications, Inc. v. Allez Spine, LLC*, 2007 WL 927905 (Cal. Ct. App. 2007) ............................................................................................................... 5

*Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582 (Cal. Ct. App. 2008) ..................... 5

*Asoma Corp. v. SK Shipping Co.*, 467 F. 3d 817 (2d Cir. 2006) ................................................ 10

*B&H Mfg. Co. v. Bright*, No., 2002 WL 31820963 (Cal Ct. App. 2002) ...................................... 3

*Bancomer S.A. v. Sup. Ct.*, 44 Cal. App. 4th 1450 (Cal. Ct. App. 1996) .................................. 3, 6

*Bank Julius Baer & Co. v. Waxfield Ltd.*, 424 F.3d 278 (2d Cir. 2005) ...................................... 6

*Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) ......................................................... 9

*Choice Sec. Sys. v. AT&T.*, 141 F.3d 1149 (1st Cir. 1998) .......................................................... 6

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith*, 68 Cal. App. 4th 445 (Cal. Ct. App. 1999) ........................................................................................... 6

*City of Los Angeles v. Gurdane*, 59 F.2d 161 (9th Cir. 1932) ..................................................... 5

*Coalition for ICAAN Transparency Inc. v. VeriSign, Inc.*, 452 F. Supp. 2d 924 (N.D. Cal. 2006) ................................................................................................... 3

*Digital Envoy v. Google Inc.*, 319 F. Supp. 2d 1377 (N.D. Ga. 2004) ................................... 8, 10

*E&J Gallo Winery v. Encana Energy Servs., Inc.*, 388 F. Supp. 2d 1148 (E.D. Cal. 2005) ................................................................................................... 4

*Feldman v. Google Inc.*, 513 F. Supp. 2d 229 (E.D. Pa. 2007) ............................................ passim

*General Envtl. Sci. Corp. v. Horsfall*, 25 F.3d 1048, 1994 WL 228256 (6th Cir. 1994) ........................................................................................................ 3

*Health-Chem Corp. v. Baker*, 915 F.2d 805 (2d Cir. 1990) ........................................................ 4

*Imation Corp. v. Quantum Corp.*, 2002 WL 385550 (D. Minn. 2002) ........................................ 4

*In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385 (S.D.N.Y. 2003) ................................................................................................................. 5

*In re LimitNone, LLC*, 551 F.3d 572 (7th Cir. 2008) .................................................................. 8

*Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395 (S.D.N.Y. 2005) ........................................................................................................ 10

*Klotz v. Xerox Corp.*, 519 F. Supp. 2d 430 (S.D.N.Y. 2007) ..................................................... 10

*Langdon v. Google Inc.*, 474 F. Supp. 2d 622 (D. Del. 2007) ............................................................. 8

*Licensed Practical Nurses, Technicians & Health Care Workers v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393 (S.D.N.Y. 2000) ............................................................. 10

*Light v. Taylor*, 2007 WL 274798 (S.D.N.Y. 2007) ............................................................. 4

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) ............................................................. 1, 9

*MySpace, Inc. v. Globe.com*, 2007 WL 1686966 (C.D. Cal. 2007) ............................................................. 5

*New Moon Shipping Co. v. Man B&W Diesel AG*, 121 F.3d 24 (2d Cir. 1997) ............................................................. 9

*Pacific Bell Tel. Co. v. LinkLine Commc'ns*, 129 S. Ct. 1109 (2009) ............................................................. 2

*Person v. Google Inc.*, 456 F. Supp. 2d 488 (S.D.N.Y. 2006) ............................................................. *passim*

*Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007) ............................................................. 3

*Rescuecom v. Google Inc.*, __ F.3d __, 2009 WL 875447 (2d Cir. 2009) ............................................................. 8

*Rothenberg v. Lincoln Farm Camp, Inc.*, 755 F.2d 1017 (2d Cir. 1985) ............................................................. 6

*Security Watch Inc. v. Sentinal Sys.*, 176 F.3d 369 (6th Cir. 1999) ............................................................. 6

*Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988) ............................................................. 10

*Technology Express, Inc. v. FTF Bus. Sys. Corp*, 2000 WL 222628 (S.D.N.Y. 2000) ............................................................. 10

*Williams v. Deutsche Bank Secs.*, 2005 WL 1414435 (S.D.N.Y. 2005) ............................................................. 4

## STATUTES

28 U.S.C. § 1404(a) ............................................................. 10

28 U.S.C. § 1406 ............................................................. *passim*

## RULES

Fed. R. Civ. P. 12(b)(1) ............................................................. *passim*

Fed. R. Civ. P. 12(b)(3) ............................................................. *passim*

## ABBREVIATIONS

- "Pl. Mem." refers to TradeComet.com LLC's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(3).

- "Wilburn Dec." refers to the Declaration of Heather Wilburn, dated March 30, 2009.

- "Howley Dec." refers to the Declaration of Daniel Howley, dated April 15, 2009.

- "Walsh Dec." refers to the Declaration of Sara Ciarelli Walsh, dated April 22, 2009.

Google Inc. ("Google") respectfully submits this reply memorandum in support of its motion to dismiss the Complaint ("Cplt.") filed by TradeComet.com LLC ("TradeComet").

## PRELIMINARY STATEMENT

If there were evidence that TradeComet did not assent to the current AdWords terms and conditions, dated August 2006, TradeComet would certainly have relied on it here. But TradeComet has submitted no such testimony and does not deny that it, in fact, assented. Nor does it submit any evidence that the terms were rejected or not received. Walsh Dec. Ex. A, at 6. The only conclusion that can be drawn is that TradeComet's assent was given, and freely so.

TradeComet was founded by Dan Savage, a Harvard Business School graduate. Cplt. ¶¶ 37-38. Mr. Savage has been using Google's AdWords program for his businesses since January 2002. *Id.* ¶ 38. TradeComet claims to have created at least 14 AdWords accounts for its Sourcetool.com site, generating many millions of dollars of revenue. *Id.* ¶ 48; Walsh Dec. Ex. A, at 5. Now, apparently unhappy with the traffic and revenue Sourcetool.com is receiving, TradeComet seeks to evade the forum selection clause to which it repeatedly assented – a clause to which users such as TradeComet must agree in order to use, or continue to use, the AdWords program. Walsh Dec. Ex. B, at 13:5-11, 34:18-35:6; Howley Dec. Ex. 7, ¶ 5, Ex. 12 ¶¶ 2-6. TradeComet further argues that it would be "unconscionable" to require TradeComet to "trek to Santa Clara County," Pl. Mem. at 19, even though TradeComet has traveled to Santa Clara County to meet with Google in the past, and has volunteered to be a class representative in litigation against Google previously filed in Santa Clara County. Walsh Dec. Ex. C, ¶¶ 8, 9. TradeComet's arguments contravene long-standing federal policy upholding forum clauses. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-10 (1972) (forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown . . . to be unreasonable under the circumstances"). TradeComet's arguments should be rejected.

-1-

## ARGUMENT

### I. THIS FORUM IS IMPROPER UNDER BOTH THE CURRENT AND PRIOR TERMS AND CONDITIONS

TradeComet's main argument is that the August 2006 terms and conditions do not apply, and that, instead, the prior terms (dated April 2005 and May 2006) govern. Under these earlier versions, the forum selection clause states that "the agreement must be . . . adjudicated in Santa Clara County, California." Howley Dec., Exs. 2, 3. Plaintiff's attempt to evade the August 2006 version is unavailing for the reasons explained below. Regardless of the version that governs, however, this case can be pursued only in Santa Clara County.

The injuries alleged by TradeComet result from alleged increases in minimum bid requirements for AdWords for SourceTool.com, based on Google's Landing Page Quality adjustments. According to TradeComet, these adjustments made it more difficult for it to attract Google searchers to SourceTool.com. This, in turn, is alleged to have weakened SourceTool's ability to compete, in violation of Section 2 of the Sherman Act. Cplt. ¶¶ 33, 43-49, 94-97, 104-14. *But see Pacific Bell Tel. Co. v. LinkLine Commc'ns*, 129 S. Ct. 1109, 1118 (2009) (holding that price increases by monopolist, even if they impair plaintiff's ability to compete effectively, cannot support a claim for relief under Sherman Act § 2).[1] It is beyond dispute that any adjustments to SourceTool's Landing Page Quality and any resulting increases in minimum bid requirements would all have occurred within the context of the contractual AdWords relationship between Google and TradeComet, and would have affected TradeComet only to the extent it sought to purchase advertising through that contractual relationship. Likewise, TradeComet's Section 1 allegations concerning the "relaxation of the Landing Page Quality methodology for

---

[1] Google limits its memorandum to issues concerning venue. Google disputes TradeComet's merits allegations, including those as to alleged market definition, monopoly power, exclusionary conduct, and effect on competition.

certain 'search partners,'" Cplt. ¶ 101, are meaningless unless viewed in reference to the parties' actions under the AdWords agreements and the context in which Landing Page Quality adjustments allegedly occurred. *See, e.g., id.* ¶¶ 100-02, 117-19. The other conduct alleged by TradeComet – Google's acquisitions, "exclusive arrangements," and expansion of its search functions, *id.* ¶¶ 68, 86-89 – is not alleged to be an independent source of injury to TradeComet. These allegations are advanced, instead, to support the (false and unsustainable) allegation that "there [is] no realistic alternative" (*id.* ¶ 48) to AdWords.

TradeComet's allegations require an "adjudication" of the AdWords agreement, as it is the "source of the right, duty and injury" forming the basis of the case. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 392 (2d Cir. 2007); Cplt. ¶¶ 8, 9, 43-53, 78, 91-103; Walsh Dec. Ex. B, at 34:14-35:6, Howley Dec. Ex. 12 ¶¶ 2-6. Claims such as TradeComet's, where the source of the alleged injury is conduct undertaken by Google pursuant to the AdWords agreement, require "adjudication" of the agreement to determine the rights and obligations of the parties and, thus, whether any kind of claim exists. Otherwise, the "adjudicated in" venue clause has no meaning. Under either the current or prior versions of the AdWords terms, therefore, the correct forum is in Santa Clara County. *Feldman v. Google Inc.*, 513 F. Supp. 2d 229, 246-47 (E.D. Pa. 2007) (transferring "click-fraud" action to Santa Clara County under "adjudicated in" language); *Person v. Google Inc.*, 456 F. Supp. 2d 488, 493 (S.D.N.Y. 2006) (treating old and new Google forum selection clause language identically).[2]

---

[2] No case that Plaintiff cites suggests otherwise. *B&H Mfg. Co. v. Bright*, 2002 WL 31820963, at *13 (Cal Ct. App. 2002) supports Google's position because it enforced a forum clause in a deed of incorporation where the action involved the misappropriation of property because "each of the[ ] claims, and the relief [sought], relate . . . to rights and duties enumerated in the deed." In *Bancomer S.A. v. Sup. Ct.*, 44 Cal. App. 4th 1450, 1463 (Cal. Ct. App. 1996), and *Coalition for ICAAN Transparency Inc. v. VeriSign, Inc.*, 452 F. Supp. 2d 924 (N.D. Cal. 2006), the respective courts declined to enforce a forum agreement against or on behalf of an entity that was not a party to the agreement; the cases are thus distinguishable. In *General Envtl. Sci. Corp. v. Horsfall*, 25 F.3d 1048,

## II. THE CURRENT AGREEMENT IS THE OPERATIVE AGREEMENT

Despite evidence that TradeComet assented to the current terms several times, Wilburn Dec. Exs. B-L; Walsh Dec. Exs. D-F, TradeComet urges the Court to wipe the current terms from existence.[3] TradeComet argues that (a) the language in the current version stating that it supersedes prior versions has no effect, Pl. Mem. 11-14; (b) that the current version was not "reasonably communicated" to TradeComet, *id.* 15-17; and (c) that Google should be estopped from enforcing the current version because of Plaintiff's (blatantly false) allegation of "selective enforcement" of the venue clause. *Id.* at 1-2, 10, 20. These arguments are unavailing.

***A. The Current Version Supersedes the Prior Versions.*** The current AdWords terms and conditions govern this action. Walsh Dec. Ex. B at 76:12-21. Contrary to Plaintiff's assertion that the agreement contains a boilerplate merger or integration clause that fails to eliminate prior terms expressly, the current agreement specifically says that it "*supersedes and replaces any other agreements, terms and conditions applicable to the subject matter hereof.*" Wilburn Dec. Ex. A (emphasis added). On their face, the current terms replace any prior terms. *See Health-Chem Corp. v. Baker*, 915 F.2d 805, 811 (2d Cir. 1990) ("When the parties to a contract enter into a new agreement that expressly supersedes the previous agreement, the previous agreement

---

1994 WL 228256 at *8 (6th Cir. 1994) (table case), *Light v. Taylor*, 2007 WL 274798, at *6 (S.D.N.Y. 2007), *Imation Corp. v. Quantum Corp.*, 2002 WL 385550, at *4 (D. Minn. 2002), and *E&J Gallo Winery v. Encana Energy Servs., Inc.*, 388 F. Supp. 2d 1148, 1162 (E.D. Cal. 2005), unlike here, many of the alleged injuries stemmed from conduct that would have injured the plaintiffs whether or not a contractual relationship existed between the parties. *Williams v. Deutsche Bank Secs.*, 2005 WL 1414435, at *3 (S.D.N.Y. 2005), is cited for its interpretation of a choice of law provision and is therefore not on point.

[3] Plaintiff's attempts to discredit Ms. Wilburn's testimony should be cast aside. Pl. Mem. 16. Whether or not she heard of TradeComet before submitting her declaration has no bearing on her ability to interpret and testify truthfully about the contents of Google's records.

is extinguished"); *City of Los Angeles v. Gurdane*, 59 F.2d 161, 163 (9th Cir. 1932) (stating that "superseded" means "obliterated" in interpreting California's constitution).[4]

TradeComet asks the Court to hold that the prior versions still govern because the prior versions were in effect when it opened its first accounts and when some of the alleged conduct complained of occurred. It asserts that the current version does not state expressly that it applies retroactively, and argues that the slight differences between the specific language in the forum selection clauses in the current and prior versions prohibit the current version from superseding the prior versions. Pl. Mem. 8, 11-13.[5] These arguments are misguided.

First, both the current and prior versions of the terms specifically allow Google to modify the terms themselves or the AdWords program. *See* Wilburn Dec. Ex. A, ¶ 2; Howley Ex. 2, ¶ 2; Ex. 3, ¶ 2. This case was filed while the current version was in effect; thus, based on the plain language of the terms and conditions, the current version governs. *MySpace, Inc. v. Globe.com*, 2007 WL 1686966, at *10; *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 399-400 (S.D.N.Y. 2003). This case is therefore inapposite to *Allez Med. Applications, Inc. v. Allez Spine, LLC*, 2007 WL 927905, *7 (Cal. Ct. App. 2007) (unreported)[6] (declining to apply arbitration provision retroactively where it had not been ratified until after the complaint was filed) (cited at Pl. Mem 13). Second, the Complaint itself alleges "ongoing exclusionary

---

[4] *Amtower v. Photon Dynamics, Inc.* 158 Cal. App. 4th 1582, 1609 (Cal. Ct. App. 2008) is of no import here. The court held there that a merger clause does not meld two separate agreements with separate parties; it does not say that terms that "supersede" and "replace" others should not be given full effect.

[5] Inexplicably, TradeComet maintains that the earlier versions apply to accounts created well after August 2006. Not only must the current terms apply to those accounts, Howley Dec. Ex. 12, ¶¶ 2-6, the current terms' language renders them applicable to accounts created prior to their implementation. *See MySpace, Inc. v. Globe.com*, 2007 WL 1686966, at *10 (C.D. Cal. 2007) (modified terms that permitted modification applied to accounts created before terms were modified).

[6] Plaintiff repeatedly relies on unpublished California state cases, which are not considered good law. California Rules of Court 8.1115. By distinguishing them here, Google does not rely on them as precedential, and does not concede their applicability.

conduct" and seeks injunctive relief, e.g., Cplt. ¶¶ 50-53, 108, 114, 120, 121(e), belying any suggestion that the alleged unlawful conduct is cabined to some earlier time frame. Finally, TradeComet's assertion that the current version should not supersede the prior versions because it "eliminate[s] prior rights," is simply wrong. Pl. Mem. 13. Like the current version, the prior versions located venue in Santa Clara County. *Security Watch Inc. v. Sentinal Sys.*, 176 F.3d 369 (6th Cir. 1999) and *Choice Sec. Sys. v. AT&T*, 141 F.3d 1149 (1st Cir. 1998) (table), (Pl. Mem. 12-13), are therefore inapplicable, as both involved a series of one-year agreements where the current agreements contained arbitration clauses but the former agreements did not, and claims that were denied arbitration were cabined to the time frame covered by the earlier agreements.[7] Moreover, as explained above, the prior versions require Plaintiff to bring suit in Santa Clara County in any event.

To find that the current version does not supersede the prior versions would render the "supersedes and replaces" language meaningless and contravene basic principles of contract interpretation. *See Rothenberg v. Lincoln Farm Camp, Inc.*, 755 F.2d 1017, 1019 (2d Cir. 1985); *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith*, 68 Cal. App. 4th 445, 473 (Cal. Ct. App. 1999). Therefore, the current version is the operative agreement in this case.

**B. The agreement was reasonably communicated.** TradeComet's assertion that the current agreement was not reasonably communicated strains credulity. TradeComet claims to have at least 14 AdWords accounts. Walsh Dec. Ex. A, at 5.[8] Each account's interface contains

---

[7] The remaining cases cited by TradeComet are equally inapplicable. In *Bancomer*, 44 Cal. App. 4th at 1458-62, the party seeking to enforce the forum selection clause was not a party to the agreement. In *Bank Julius Baer & Co. v. Waxfield Ltd.*, 424 F.3d 278, 283-84 (2d Cir. 2005), the court held that a merger clause did not serve to extinguish prior agreements that were unrelated to the subject matter of the agreement at issue.

[8] As stated in its opening memorandum, Google reserves its right to challenge the relevance of any of the accounts identified by Plaintiff as relevant to this litigation.

a link to the current terms and conditions so that they can be reviewed at any time. Wilburn Dec. ¶ 3. As described in Google's opening memorandum, the forum selection clause is stated in clear language within a nine paragraph contract. Assent to the current version was unquestionably given by the e-mail address associated with the 14 accounts – dan@sourcetool.com, dan031@tradecomet.com, or adwords101@tradecomet.com – on August 29, 2006, November 28, 2006, and May 20, 2007. Wilburn Dec. ¶¶ 6-7, Exs. B-L; Walsh Dec. Exs. D-F. TradeComet submits no evidence that anyone at TradeComet denies such assent or complains that the terms were not reasonably communicated.[9] Moreover, it is uncontested that TradeComet could not have continued advertising through AdWords without such assent, Walsh Dec. Ex. B, at 13:5-11, 34:14-35:6; yet it continued to advertise on AdWords well after August of 2006.[10] Walsh Dec. Exs. E, F; Wilburn Ex. L. In fact, well after August 2006, Plaintiff specifically assented to the current AdWords terms on three *additional* occasions – twice on November 28, 2006, and then again on May 20, 2007. *Id.* In light of this evidence, the argument that Google did not reasonably communicate the current version is simply baseless. *See Person,* 456 F. Supp. 2d at 496-97 (sufficient notice of Google's terms where plaintiff could review terms by clicking on link and had to assent to terms in order to use AdWords); *Feldman,* 513 F. Supp. 2d at 233-36 (same).

---

[9] While TradeComet introduces no evidence that it rejected the current version, it attempts to cast doubt on its acceptance by pointing out that the terms were accepted for ten accounts in the span of three seconds. This can be explained by the fact that TradeComet has a "My Client Center" (MCC) account, which acts as an umbrella over individual AdWords accounts. Walsh Dec. Ex. G. As explained by a Google publication in 2006, accepting the current version in one AdWords account managed through an MCC account allowed the user instantaneously to accept the current version for all other accounts under that MCC. *Id.* Ex. H. TradeComet's argument thus does not call into question whether TradeComet assented to the current version. It confirms it.

[10] That a Google representative may have assisted TradeComet with opening an AdWords prepay account, Pl. Mem. 16; Howley Dec. Ex. 8, has no bearing on whether TradeComet assented to the current version. If TradeComet did not assent, it would have presented evidence to that effect.

***C. Google does not enforce its forum selection clause selectively.*** TradeComet repeatedly accuses Google of selecting which agreement ought to apply in an outcome-driven manner based on the facts of each case, pointing to *Person*. The accusation is utterly false. Google moved to dismiss in *Person* based on the "adjudicated in" language in the then-current prior versions (as evidenced by Plaintiff's own exhibit). *See* Howley Dec. Ex. 5, pp. 4-5. Only when Mr. Person denied signing that agreement did Google additionally submit the agreement that Mr. Person signed in 2003 when he created his AdWords account. *See Person*, 456 F. Supp. 2d at 493. In any event, the court in *Person* interpreted the forum selection clause in both versions conterminously. *Id.*[11]

Moreover, Google consistently enforces its forum selection clause. *See, e.g., id.*; *Feldman*, 513 F. Supp. 2d 229; *In re LimitNone, LLC*, 551 F.3d 572 (7th Cir. 2008); *Digital Envoy v. Google Inc.*, 319 F. Supp. 2d 1377 (N.D. Ga. 2004).[12] Even if Google did not enforce its forum clause consistently, Plaintiff cites no case that says that selective enforcement of a venue clause nullifies the enforceability of the clause. TradeComet's mudslinging is as irrelevant as it is false.

---

[11] "Initially, Defendant produced a copy of the current agreement. (See Decl. of Sar[a] Ciarelli Ex. A, July 27, 2006.) Plaintiff, however, objected that the 2006 agreement is not the same as the one he signed when he became an AdWords customer in 2003. (Pl. Opp'n.Mem.4.) In response, Defendant produced a copy of the contract users were asked to sign in 2003. Both contracts contain a forum selection clause stating that disputes or claims arising out of the contract are to be adjudicated in Santa Clara County, California." *Person*, 456 F. Supp. 2d at 493.

[12] The cases TradeComet cites where Google did not enforce its forum selection clause are instances where it would have been inappropriate to do so. *Langdon v. Google Inc.*, 474 F. Supp. 2d 622 (D. Del. 2007), involved multiple defendants other than Google who were obviously not parties to the forum selection clause. In *Rescuecom v. Google Inc.*, __ F.3d __, 2009 WL 875447 (2d Cir. 2009), plaintiff did not sue as an AdWords advertiser, and the alleged wrongful conduct had nothing to do with Google's duties to plaintiff under any contract.

III. GOOGLE'S FORUM SELECTION CLAUSE IS NOT UNCONSCIONABLE

TradeComet asserts that the forum selection clause in the current version should not be enforced because it is "unconscionable" to require Plaintiff to "trek to Santa Clara County." Pl. Mem. 18-19. This position contravenes Supreme Court authority. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594-95 (1991) (holding an adhesion contract requiring plaintiffs from Washington to litigate in Florida reasonable and enforceable). Furthermore, Plaintiff fails to meet its "heavy burden" of showing that litigating in "the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *New Moon Shipping Co. v. Man B&W Diesel AG*, 121 F.3d 24, 32 (2d Cir. 1997) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)).

TradeComet has garnered millions of dollars in revenue from using AdWords and other Google programs, and proclaims Sourcetool.com to have been the second-fastest growing website in the world. Cplt. ¶ 44, 48; Walsh Dec. Ex. C, ¶ 6 (AdWords usage of $400,000 per month). TradeComet had no difficulty traveling to Google's headquarters in Santa Clara County to meet with Google representatives, and even volunteered to be a lead plaintiff in a class action against Google in Santa Clara County. *Id.* ¶ 8, 9. Plaintiff, therefore, falls far short of its heavy burden of showing that litigating in Santa Clara County will effectively deprive it of its day in court. *New Moon Shipping Co.*, 121 F.3d at 32; *see also Person*, 456 F. Supp. at 495-97 (enforcing forum selection clause, even as a contract of adhesion); *Feldman*, 513 F. Supp. 2d at 239-43 (holding forum selection clause not unconscionable).

IV. DISMISSAL IS PROCEDURALLY PROPER

TradeComet argues that dismissal under 28 U.S.C. § 1406, Fed. R. Civ. P. 12(b)(1), or Fed. R. Civ. P. 12(b)(3), is procedurally improper, and that Google's only remedy is to seek

transfer under Section 1404(a). Pl. Mem. 20-23. Cases in this Circuit indicate otherwise. *See, e.g., Asoma Corp. v. SK Shipping Co.*, 467 F. 3d 817, 822 (2d Cir. 2006); *Klotz v. Xerox Corp.*, 519 F. Supp. 2d 430, 434-35 (S.D.N.Y. 2007) (rejecting argument that defendants should have sought enforcement of forum clause by transfer under 28 U.S.C. § 1404(a) instead of dismissal under 28 U.S.C. § 1406(a) and 12(b)(3), as the Second Circuit has "repeatedly enforced forum selection clauses through motions to dismiss for improper venue"); *Person*, 456 F. Supp. 2d at 492-93, 497-98 (granting dismissal and transferring under § 1406(a)); *Technology Express, Inc. v. FTF Bus. Sys. Corp*, 99-CV-11692 (LAK), 2000 WL 222628, at *2-3 (S.D.N.Y. 2000) (dismissing complaint under § 1406). *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988), on which TradeComet relies, is in no way contrary; there, Section 1406 had been found inapplicable by the district court, and the issue was not even before the Court. *Id.* at 29 n.8. Moreover, even if TradeComet were correct in asserting that 28 U.S.C. § 1404(a) controls, transfer would plainly be warranted. *See, e.g., Feldman*, 513 F. Supp. 2d at 244-49 (transferring action under 28 U.S.C. § 1404(a) based on Google's forum selection clause); *Digital Envoy*, 319 F. Supp. 2d at 1377 (same); *Licensed Practical Nurses, Technicians & Health Care Workers v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 409 (S.D.N.Y. 2000) (similar).[13]

## CONCLUSION

For the reasons stated above and in Google's opening memorandum of law, the Complaint should be dismissed.

---

[13] Out of an abundance of caution, Google requests that, if the Court does not dismiss the Complaint under Section 1406, it transfer the case to the San Jose Division of the Northern District of California under 28 U.S.C. § 1404(a) or § 1406(a). Google is headquartered in Santa Clara County and the witnesses, documents, and operative facts concerning Google's strategic decisions and implementation of the Landing Page Quality assessment will be found there. In light of the Court's broad discretion to consider notions of fairness and convenience, and Plaintiff's prior willingness to litigate against Google in Santa Clara County, Walsh Ex. C, ¶ 9, transfer is warranted under § 1404(a). *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395 (S.D.N.Y. 2005) (transferring case after weighing factors including convenience of witnesses and locus of facts).

Dated: April 22, 2009

Respectfully submitted,

*[signature: Jonathan M. Jacobson]*

Jonathan M. Jacobson
Susan A. Creighton
Chul Pak
Sara Ciarelli Walsh

WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION

1301 Avenue of the Americas
40th Floor
New York, New York 10019
(212) 497-7700 (Telephone)
(212) 999-5899 (Telecopier)

*Attorneys for Defendant, Google Inc.*