IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TRADECOMET.COM LLC,** | CIVIL ACTION NO. 09-1400 (SHS) |
| **Plaintiff** | |
| v. | |
| **GOOGLE INC.,** | |
| **Defendant** | |

### TRADECOMET.COM LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE EXHIBITS D, E, F, G AND H OF THE DECLARATION OF SARA CIARELLI WALSH

TradeComet requests that the Court strike Exhibits D, E, F, G and H of the Declaration of Sara Ciarelli Walsh in Support of Defendant's Motion to Dismiss submitted with Google's reply brief (the "Reply"). Courts in this district have recognized that "sandbagging [an] adversary with a brand new factual contention" in a reply brief "is foreign to the spirit and objectives of the Federal Rules of Civil Procedure." *Tetra Technologies, Inc. v. Harter*, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993). The new material at issue is directly contradicted by the deposition testimony of Google's initial declarant and, in any event, could (and should) have been submitted, if at all, with Google's opening brief.

It is well-established that a moving party may not lie in wait and spring new arguments on a non-moving party in a reply brief.[1] This long-standing principle applies with equal force to

---

[1] *See Tetra,* 823 F.Supp. at 1120; *see also In re Dobbs*, 227 Fed. Appx. 63, 64 (2d Cir. 2007) ("we think that it was entirely proper for the District Court to decline to consider debtor-appellant's argument, raised for the first time in its reply brief"); *Republic of Benin v. Mezei*, 483 F. Supp. 2d 312, 313 n.2 (S.D.N.Y. 2007) ("Because the plaintiff's argument was raised for the first time in its reply brief, the argument will not be considered"); *Allen v. City of New York*, 466 F. Supp. 2d 545, 549 n.1 (S.D.N.Y. 2006) (same); *U.S. v. Stein*, 452 F.Supp.2d 230, 262 n. 126 (S.D.N.Y. 2006) (same).

evidence submitted for the first time in a reply, as Google attempts to do here.  *See Brennan v. AT&T Corp.*, No. 04-CV-433-DRH, 2006 U.S. Dist. LEXIS 8237, at *25-27 (S.D. Ill. Feb. 8, 2006) (striking new declarations and "several exhibits" submitted with moving party's reply); *Wike v. Vertrue, Inc.*, No. 3:06-0204, 2007 U.S. Dist. LEXIS 19843, at *21-22 (M.D. Tenn. March 20, 2007) (same); *see also Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, No. 07 CV 2352(HB), 2007 WL 1098714 (S.D.N.Y. April 12, 2007) (same).  Google includes several new screen shots in its Reply (Ciarelli Decl. Exs. D, E, F, G and H) – screen shots that were not subject to cross-examination during the deposition of Google's declarant.[2]  Google plainly could have included this information with its opening brief.  For instance, Google attaches a redacted screen shot of what it purports to be the "My Client Center" as part of its argument that TradeComet could have accepted the terms and conditions for each of its AdWords accounts through this single screen.  *Id.*, Ex. G.[3]

This "evidence" – like the evidence Google submitted with its opening brief – does not prove that TradeComet accepted the terms and conditions.  In fact, it is directly contrary to Heather Wilburn's deposition testimony (Howley Decl., Ex. 10 33:23-25) that the terms and

---

[2] As it initially had done with other exhibits filed in this case, Google redacts substantial portions of the new exhibits relating to TradeComet's accounts without securing a protective order or identifying any other proper basis for the redactions.  Google simply states that "Redactions have removed information not available to advertiser on the advertiser's on-line AdWords account interface."  The exhibits are even more incomprehensible as a result of the redactions.  Moreover, Google has not produced unredacted copies of the new exhibits to TradeComet nor, to the best of TradeComet's knowledge, has Google produced unredacted copies to the Court.

[3] Google also raises for the first time in its Reply the argument that it "reasonably communicated" the terms and conditions of the 8/29/06 Agreement merely by providing "a link to the current terms and conditions so that they can be reviewed at any time."  Def's Br. at 6-7.  Apparently Google now believes (or at least has articulated for the first time in this case) that it need not communicate its changes at all but rather may provide a link that a user such as TradeComet may click on.  Google cites no case supporting this proposition, and as an argument raised for the first time in the Reply it should be disregarded by the Court.  *See*, *supra* note 1.

conditions must be accepted separately in each account. *See Russell v. Acme-Evans Co.*, 51 F.3d 64, 67-68 (7th Cir. 1995) (affidavit "to be disregarded" where contrary to deposition).[4] Google "offers no good reason or exceptional circumstance that prevented it from filing these materials with its original motion. Nonetheless, it relies heavily on this evidence in its reply brief." *See Brennan*, 2006 U.S. Dist. LEXIS 8237, at *26. It would be "manifestly unfair" to allow Google to make these arguments only after TradeComet's opportunity to reply has passed. *See Playboy Enterprises, Inc. v. Dumas*, 960 F.Supp. 710, 720 n.7 (S.D.N.Y. 1997) (citing cases).

Dated: April 24, 2009

Respectfully Submitted,

     s/ Joseph J. Bial
Charles F. Rule
Jonathan Kanter
Joseph J. Bial
Daniel J. Howley
CADWALADER, WICKERSHAM & TAFT LLP
1201 F St. NW
Washington, DC 2004
Tel: (202) 862-2200
Fax: (202) 862-2400

*Attorneys for Plaintiff TradeComet.com LLC*

---

[4] Moreover, this evidence does not make clear even what the user viewed when purportedly "accepting" the terms and conditions. Accordingly, there is no evidence in the record of the actual notice provided (even if it had been) and, more important, whether such notice was "reasonably communicated."