# United States District Court
# Southern District of New York

| | |
|---|---|
| TRADECOMET.COM LLC, | ) |
| Plaintiff, | ) Docket No.: 09-CV-1400 (SHS) |
| v. | ) |
| GOOGLE INC., | ) |
| Defendant. | ) |

**GOOGLE INC.'S MEMORANDUM OF LAW
IN OPPOSITION TO TRADECOMET.COM LLC'S MOTION TO STRIKE
EXHIBITS D, E, F, G, AND H OF THE WALSH DECLARATION**

In support of its motion to dismiss, Google submitted evidence that TradeComet repeatedly assented to the applicable August 2006 AdWords Terms and Conditions. Faced with this evidence, TradeComet submitted no declaration or other evidence denying assent. Instead, it advanced, for the first time in its opposition ("Pl. Mem."), legally and factually unsupportable arguments to try to poke holes in Google's proof.[1] Now that Google has responded, TradeComet argues that Google had no right to reply and seeks to strike Exhibits D-H of Google's supporting declaration. The motion to strike is frivolous and should be denied.

---

[1] Plaintiff asserts that Google's evidence "does not prove that TradeComet accepted the terms and conditions." Plaintiff's Motion to Strike ("Mot. Strike") at 2. In fact, the evidence shows TradeComet's *repeated* acceptance of the August 2006 Terms and Conditions. Declaration of Heather Wilburn, Exs. B-L; Walsh Dec. Exs. D-F. And, in any event, TradeComet misstates Google's burden. Once a party has shown an "apparently governing forum selection clause, the party opposing litigation in the so designated forum must make a strong showing to defeat that contractual commitment." *Asoma Corp. v. SK Shipping Co.*, 467 F.3d 817, 822 (2d Cir. 2006); *see also Mouawad Nat'l Co. v. Lazare Kaplan Int'l Inc.*, 476 F. Supp. 2d 414, 419-420 (S.D.N.Y. 2007) (discussing burden shifting).

TradeComet challenges two categories of evidence submitted with the Declaration of Sara Ciarelli Walsh ("Walsh Dec."): (1) evidence that TradeComet assented to the August 2006 terms and conditions in connection with three accounts in addition to those identified in Google's opening memorandum of law in support of its motion to dismiss ("Def. Mem."), (Walsh Dec. Exs. D-F); and (2) evidence that TradeComet has a "My Client Center" account through which, in 2006, TradeComet was able to accept the August 2006 Terms and Conditions for multiple AdWords accounts with a single click (Walsh Exs. G, H).[2] TradeComet argues that these materials should be stricken because they should have been included with Google's opening memorandum.[3] Its arguments are entirely baseless.

1. ***Exhibits D-F.*** Before filing its motion, Google asked TradeComet to identify the AdWords accounts pertaining to Sourcetool.com. In response, TradeComet identified 11 account numbers in its First Request for Production of Documents, dated March 18, 2009. Google's opening memorandum, filed on March 31, 2009, submitted evidence of assent to the August 2006 Terms and Conditions with respect to those 11 accounts. Def. Mem. at 4 n.4.

---

[2] TradeComet objects that certain portions of these exhibits were redacted. Wishing to avoid burdening the Court with a motion to file under seal, Google redacted certain information to protect its confidential information, as well as potentially private details of Plaintiff's AdWords use, pending the entry of a Protective Order in this action. Google is willing to provide Plaintiff with unredacted documents subject to an interim confidentiality agreement, as it did in connection with the documents cited in its original moving papers. Further, Google will provide the Court with unredacted copies for *in camera* review, or file them under seal if the Court should so desire. In any event, as Plaintiff is well aware, none of the redacted material bears any relevance whatsoever to Google's motion to dismiss.

[3] In a footnote, Plaintiff further argues that Google raised for the first time in its reply brief that the user interface for AdWords contains a link to the current terms and conditions so that they may be reviewed at any time. Mot. Strike at 2 n.3. This evidence was submitted with Google's opening papers, Declaration of Heather Wilburn ¶ 3, so this argument was clearly *not* raised for the first time in Google's reply. Further, Plaintiff misconstrues Google's argument. The point of this evidence is not that changes need not be communicated at all; rather, TradeComet's claim that the terms were not reasonably communicated is belied by the fact that the terms are available to TradeComet to review any time it pleases. Google refers the Court to its reply memorandum in support of its motion to dismiss, at pages 6-7, for its argument in full context.

Google specifically stated: "In the event that Plaintiff asserts that other AdWords accounts are relevant to this litigation, Google reserves the right to introduce evidence of consent to any governing terms and conditions." *Id.* Long *after* Google's motion was filed, TradeComet served its Responses to Defendant's First Request for Production of Documents (Walsh Dec. Ex. A), in which it identified three additional accounts alleged to be related to Sourcetool.com. Therefore, with its reply, Google submitted evidence of TradeComet's assent to the August 2006 Terms and Conditions for those three additional accounts. Walsh Dec. Ex. D-F. Given that TradeComet chose to identify these three accounts after Google's due date for filing its motion had passed, the claim that Google has "sandbagged" TradeComet is ridiculous.

2. ***Exhibits G & H.*** In its opposition, TradeComet attempted to challenge Google's evidence of assent by pointing out that Google's records show that TradeComet's assent in connection with ten of the 14 accounts occurred within a few seconds. Pl. Mem. 17. In direct response, Google submitted evidence that shows that TradeComet had a "My Client Center" account, and that such an account provided the ability to click just once to accept the August 2006 Terms and Conditions for multiple accounts (Walsh Dec. Exs. G-H; Def. Mem. at 7 n.9).[4] Thus, the evidence concerning My Client Center accounts "do[es] not raise new arguments, but rather respond[s] to issues raised in opposition." *Toure v. Central Parking Sys. of New York*, 05-Civ. 5237 (WHP), 2007 WL 2872455, at *2 (S.D.N.Y. 2007) (citation omitted) (denying motion to strike evidence submitted on reply); *see also Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other*

---

[4] This evidence is not inconsistent with Ms. Wilburn's testimony. It simply reveals that an AdWords user was effectively able to log in to each of the accounts linked by a My Client Center Account simultaneously for the purpose of accepting the August 2006 Terms and Conditions by clicking its assent in one of the linked accounts. In any event, the evidence is clear that Plaintiff could not have opened new accounts or continued using AdWords without assenting to the current terms and conditions. *See* Def. Mem. at 1, 7.

*grounds*, 967 F.2d 742 (1992) (citations omitted) (denying motion to strike evidence submitted with reply to refute issues raised in opposition). All of the cases cited by Plaintiff are therefore inapposite. To strike this evidence would contravene the purpose of permitting a reply at all. *See United States v. IBM*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975) (reply papers appropriately respond to issues raised in opposition papers).

TradeComet's motion appears to be nothing more than a ploy to get the last brief filed before any hearing on Google's motion to dismiss. TradeComet's assent to the August 2006 Terms and Conditions is not in serious dispute. In the face of overwhelming record evidence of repeated assent, no one from TradeComet submitted any testimony denying assent. *Cf. Person v Google Inc.*, 456 F. Supp. 2d 488, 493 (S.D.N.Y. 2006) (plaintiff submitted declaration denying assent; court considered evidence, submitted by Google *with its reply papers*, in confirming plaintiff's assent). Here, although Google could not imagine any basis on which TradeComet might actually deny its assent to the August 2006 Terms and Conditions, Google submitted a document request and noticed the deposition of TradeComet under Fed. R. Civ. P. 30(b)(6) to probe whether TradeComet had any evidence that would support such a denial. TradeComet categorically refused to provide any witness for deposition, and submitted blanket objections to the document request (producing only a list of the 14 AdWords accounts it claims to be related to SourceTool.com). TradeComet is hardly in a position to complain about Google's efforts to supply the actual facts when its only approach has been to conceal them.

For the foregoing reasons, TradeComet's motion to strike should be denied.

Dated: April 27, 2009

Respectfully submitted,

Jonathan M. Jacobson

Jonathan M. Jacobson
Susan A. Creighton
Chul Pak
Sara Ciarelli Walsh

**WILSON SONSINI GOODRICH & ROSATI**
PROFESSIONAL CORPORATION

1301 Avenue of the Americas, 40th Floor
New York, New York 10019
(212) 497-7700 (Telephone)
(212) 999-5899 (Telecopier)

*Attorneys for Defendant, Google Inc.*