IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TRADECOMET.COM LLC,** | CIVIL ACTION NO. 09-1400 (SHS) |
| **Plaintiff** | |
| v. | |
| **GOOGLE INC.,** | |
| **Defendant** | |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF TRADECOMET.COM LLC'S MOTION TO STRIKE EXHIBITS D, E, F, G AND H OF THE DECLARATION OF SARA CIARELLI WALSH

TradeComet moves to strike only those exhibits submitted with Google's reply that contain new factual evidence that could (and should) have been raised in its opening brief. Nowhere does "TradeComet argue[] that Google had no right to reply," as Google claims at the outset of its opposition to TradeComet's motion to strike. Google Opp. at 1. The mere fact that new "evidence" may be responsive to a non-moving party's argument is no basis to withhold introducing it until the moving party (Google here) submits its reply brief.[1] This is plainly the case where (contrary to Google's argument in a footnote) Google bears the burden under *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007), of proving the first three elements necessary for dismissal on the basis of a forum selection clause.

One of the three elements under *Phillips* that Google must prove is that notice was "reasonably communicated" to the non-moving party (TradeComet). *Id*. at 383. Google ignores its burden, as it did in its reply, by arguing that TradeComet failed to demonstrate through

---

[1] A moving party will almost always be able to make some claim that its evidence is "responsive" to a non-moving party's arguments, and Google's argument would therefore justify parties holding back evidence until their reply.

discovery that it did *not* receive notice.[2] Requiring proof of a negative in this manner would be a novel exercise – one that would benefit Google substantially – but *Phillips* imposes no such burden on the non-moving party.[3]

Finally, Google packs its brief with numerous mischaracterizations and conclusory remarks about the evidence it cites and the events of the past seven weeks. The record has closed, and Google's references are not relevant to TradeComet's narrow motion to strike. Some of these remarks are addressed briefly below due to the manner in which they are characterized:

- Google argues (in a footnote) that, "as Plaintiff is well aware, none of the redacted material bears any relevance whatsoever to Google's motion to dismiss." Google Opp. at 2 n.2. In fact, it is not possible to know whether this information undermines Google's claims because its declarant acknowledged that she did not know what much of the redacted information was, much less whether it was relevant to the motion. It is an obvious mischaracterization for Google to ascribe such knowledge to TradeComet and then claim "Plaintiff [is] well aware" that the redacted information is irrelevant to Google's motion.

- Google pretends that TradeComet's account numbers are news to Google and that Google required discovery to obtain this information. Google Opp. at 2-3. This is an attempt to distract the Court from the fact that Google has failed to meet its burden to show it reasonably communicated notice to TradeComet. Moreover, discovery of this information was not necessary because, as Google's counsel acknowledged in the status conference before this Court, Google had access to TradeComet's account information prior to TradeComet's disclosure of any account numbers. Google's declarant also testified that Google maintains detailed account information that is only a click away.[4]

---

[2] Google's citation to *Asoma Corp. v. SK Shipping Co.*, 467 F.3d 817 (2d Cir. 2006), does not alter its burden. *Asoma* was decided before *Phillips*, and the first three factors in *Phillips* merely describe what a movant (here Google) must show in order to demonstrate "an apparently governing forum selection clause."

[3] Google complains that TradeComet did not agree to allow a deposition of a Rule 30(b)(6) witness. Google did not seek a deposition *before* making its motion, and never requested any discovery at the status hearing before this Court. Oddly, Google noticed a deposition after it filed its brief and before TradeComet responded. Google fails to explain how a deposition would cure its failure to satisfy its burden of proving that it reasonably communicated notice. In any event, Google's position on discovery and TradeComet's response have little to do with the present motion to strike.

[4] TradeComet is awaiting Google's designation of confidentiality of the transcript for the deposition of Heather Wilburn. Google's counsel agreed at the deposition that Google would make such designations

- Google also claims it submitted evidence that TradeComet could click just once on its "My Client Center" to accept the 8/29/06 Agreement terms and conditions. Google Opp. at 3. As pointed out in TradeComet's opening brief, this is directly contrary to the testimony of Ms. Wilburn. There is no evidence in the record to support Google's contention in its footnote 4 suggesting that TradeComet accessed or even viewed the screen screen shot of the "My Client Center" in August 2006. *See* Decl. of Sarah Ciarelli Walsh Ex. G.

For the foregoing reasons as well as those set forth in the opening brief in support of its motion to strike, TradeComet respectfully requests that the Court grant its motion to strike.

Dated: April 28, 2009          Respectfully Submitted,

                               s/ Joseph J. Bial
Charles F. Rule
Jonathan Kanter
Joseph J. Bial
Daniel J. Howley
CADWALADER, WICKERSHAM & TAFT LLP
1201 F St. NW
Washington, DC 2004
Tel: (202) 862-2200
Fax: (202) 862-2400

---

within a reasonable time from the end of the deposition. TradeComet has requested such designations on three occasions since that deposition took place over two weeks ago, and Google has not provided the information. In fact, as a result of Google's position that the entire transcript remain Attorneys' Eyes Only, counsel for TradeComet remains unable to consult its client about testimony relating to facts Google alleges in its reply.